# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ARSENIO DECORD STEWART,

    Plaintiff,

v.                                Case No. 3:24-cv-1143-TJC-SJH

JOHN DOE, et al.,

    Defendants.

## ORDER

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a Civil Rights Complaint (Doc. 1) under 42 U.S.C. § 1983. Plaintiff is proceeding on an Amended Complaint (Doc. 3); moves to proceed in forma pauperis (Doc. 2); and moves for a Court order directing Defendants to "stay away from" Plaintiff (Doc. 4).

In the Amended Complaint, Plaintiff names three Defendants: John Doe; Sergeant C. Pitman; and Sergeant Hardin.[1] Doc. 3 at 2-3. According to Plaintiff, on October 21, 2024, while housed at Florida State Prison, Plaintiff had covered his cell window, so he could use the restroom in private. Doc. 3-1 at 1. During that time, Defendant John Doe began banging on Plaintiff's cell door and asked

---

[1] The **Clerk** is directed to correct the docket to reflect the correct spelling for Defendant "Hardin."

Plaintiff to remove the covering from his cell window. Id. at 1-2. Plaintiff asserts he advised Defendant Doe that he was using the bathroom, but Doe continued to bang on the cell door. Id. at 2. Plaintiff alleges he then stood up while still undressed, uncovered the window, and went back to his toilet to finish. Id. According to Plaintiff, when he sat back down, Doe stood at the window and watched Plaintiff, appearing to stand on his toes to get a view of Plaintiff's genitals. Id. Plaintiff contends that because of Doe's behavior, Plaintiff recovered the window, and Doe again banged on the cell door until he eventually walked away. Id. Plaintiff alleges that a few hours later, he advised Defendant Pitman that he would like to report Defendant Doe's actions and make a PREA complaint, but Pitman responded that he was not going to report Doe's actions "because there wasn't any penetration." Id.

According to Plaintiff, on November 2, 2024, Defendant Doe approached Plaintiff's cell again, made whistling and smooching noises, and blew Plaintiff a kiss. Id. Plaintiff contends he threatened to sue Doe and Doe then left. Id. at 3. Plaintiff contends he then reported the incident to Defendant Hardin who advised he would inform security about it, but no one investigated the event. Id. Plaintiff alleges that Defendant Doe's actions amounted to sexual harassment and Defendants Pitman and Hardin failed to intervene or protect him from that harassment. Id. at 1. He maintains that he suffered mental and emotional distress; and as relief, he requests monetary damages. Doc. 3 at 5.

2

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In reviewing a pro se plaintiff's pleadings, the Court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) this deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences

should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nevertheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of

the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Absent well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

Liberally read, Plaintiff's Complaint fails to state a plausible § 1983 claim for relief. "[S]evere or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." Sconiers v. Lockhart, 946 F.3d 1256, 1267 (11th Cir. 2020). But no binding precedent has established that a correctional officer's verbal threats and gestures of sexual harassment, without more, rise to the level of a constitutional violation. Watkins v. Azael, No. 22-11648, 2023 WL 4422527, at *7 (11th Cir. July 10, 2023).[2] Indeed, "verbal taunts . . . [h]owever distressing" cannot establish a claim under the Eighth Amendment. Edwards v. Gilbert, 867 F.2d 1271, 1273 n.1 (11th Cir. 1989). And a "prison officers' threats that were never carried out [are likewise] insufficient to state a constitutional violation." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008). To that end, the Eleventh Circuit, in an unpublished

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

5

opinion, explained that "given the binding precedents concerning verbal statements (in a single incident) without accompanying actions, [it] cannot say that [verbal sexual harassment or accompanying gestures]" amounts to conduct that violates the constitution. Watkins, 2023 WL 4422527, at *8 (finding sexual taunts or gestures did not present exceptionally rare case that would give a reasonable correctional officer fair notice of its illegality for purposes of qualified immunity).

Here, Plaintiff does not allege that Defendant Doe sexually assaulted him. Rather, his allegations involve Defendant Doe's sexual taunts and gestures. Defendant Doe's actions, "though unacceptable and unrelated to any legitimate governmental objective, [are] the type of [ ] harassment or taunting that is not actionable" under the Eighth Amendment. See In re: Eric Watkins Litigation, 829 F. App'x 428, 431 (11th Cir. 2020); see also Allen v. McDonough, 4:07-CV-469/RH/GRJ, 2011 WL 4102525, at *6 (N.D. Fla. Aug. 17, 2011)[3] (explaining that "sexual comments and gestures to [the p]laintiff . . . do not rise to the level of a constitutional violation under the Eighth Amendment"); Miller v. Johnson, 2:20-cv-458, 2023 WL 5358606, at *4 (M.D. Ala. July 26, 2023)

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

(explaining that "sexual harassment devoid of any contact or touching does not violate the Eighth Amendment"). Thus, Plaintiff has failed to state a plausible Eighth Amendment sexual harassment claim against Defendant Doe.

To that end, since the Court finds that Defendant Doe's actions, while unacceptable, did not amount to a constitutional violation, Plaintiff's claim that Defendants Pitman and Hardin failed to intervene during Defendant Doe's alleged sexual harassment must also fail. See, e.g., Mobley v. Palm Beach Cnty. Sheriff Dep't, 783 F.3d 1347, 1357 (11th Cir. 2015) ("[A] police officer has no duty to intervene in another officer's use of force when that use of force is not excessive."); Kinght v. Gray, No. 3:19-cv-779-BJD-JBT, 2024 WL 1174708, at *22 (M.D. Fla. Mar. 19, 2024) (determining that because the plaintiff failed to establish a claim of sexual abuse, his claim that another officer failed to intervene in the abuse also failed).

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

7

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of March, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

Jax-7

C:  Arsenio Decord Steward, #V31003